**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────────────

No. 19-3577

─────────────

UNITED STATES OF AMERICA

v.

ARTHUR GREAVES,
                                       Appellant

─────────────

On Appeal from the District Court
of the Virgin Islands
(District Court No. 3-19-cr-00001-001)
District Judge: Hon. Curtis V. Gomez

─────────────

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 10, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and MATEY, *Circuit Judges*.

(Opinion filed:  December 17, 2020)

─────────────

OPINION*

─────────────

────────────

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Arthur Greaves led police to a loaded gun. That led to his conviction for possession of the firearm. Greaves argues that the weapon, and his statements to the officers, should have been suppressed. The District Court disagreed, concluding the Virgin Islands Police Department ("VIPD") did not violate his Fifth Amendment rights as expressed in *Miranda v. Arizona*, 384 U.S. 436 (1966). Because we hold that *Miranda* does not apply, we will affirm.

## I. BACKGROUND

Around midday on a Thursday, the VIPD received a call about an armed robbery near a school. When officers arrived, witnesses reported seeing the suspect flee into an abandoned building. After a short search, the officers found Arthur Greaves hiding inside the adjacent family center. Detective Richard Velazquez arrived to find Greaves in handcuffs and promptly informed him of the rights outlined in *Miranda*. But working from memory, Velazquez strayed from the VIPD's official *Miranda* script. After Greaves acknowledged he understood the rights explained, Velazquez asked him about the missing gun. Velazquez warned that if someone found the firearm, Greaves could be responsible. That prompted Greaves to lead the officers to the weapon.

As a result, Greaves was charged with possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and § 924(c)(1)(B)(i).[1] He pleaded not guilty and moved to suppress his statements that led the officers to the gun and the gun itself,

---

[1] Another charge for possession of a firearm in a school zone was dismissed.

arguing violations of *Miranda*. The District Court denied the motion, and Greaves then pleaded guilty. This timely appeal followed.[2]

## II. DISCUSSION

We review the denial of a motion to suppress for "clear error as to the underlying factual findings," but exercise plenary review over the "application of the law to those facts." *United States v. Burnett*, 773 F.3d 122, 130 (3d Cir. 2014). We may affirm "on any ground supported by the record." *United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005). And here, the record shows an already dangerous situation with the potential for "further danger to the public." *New York v. Quarles*, 467 U.S. 649, 657 (1984). For that reason, we conclude that the officers did not need to inform Greaves of his *Miranda* rights before asking about the location of the gun, and we will affirm the denial of his suppression motion.[3]

The principle of *Miranda* is familiar, stating that before law enforcement officers may question an individual in custody, they must provide a reminder of the rights secured by the Fifth Amendment. *Miranda*, 384 U.S. at 479. But that requirement is not without exception. Sometimes "the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination," and "spontaneity rather than

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612, and we have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

[3] For that reason, we do not decide whether the *Miranda* warning given was adequate and whether Greaves knowingly, intelligently, and voluntarily waived his rights.

adherence to a police manual is necessarily the order of the day." *Quarles*, 467 U.S. at 656–57.

*Quarles* explained that "pressing public safety concerns," *Oregon v. Elstad*, 470 U.S. 298, 317 (1985), allow "questions necessary to secure [the officers'] own safety or the safety of the public," *Quarles*, 467 U.S. at 659. This was one of those times and Velazquez's questions about the location of the gun were aimed directly at finding the weapon before a member of the public. When the officers found Greaves, they knew a gun was missing in a school zone, during the school week, with witnesses milling around near a family center. All of that created "an objectively reasonable need to protect the police or the public from any immediate danger associated with the weapon." *Id.* at 659 n.8.

For that reason, the officers did not need to read Greaves his *Miranda* rights before asking about the missing gun. The District Court therefore correctly denied Greaves' motion to suppress and we will affirm.